UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          v.                                        **DECISION AND ORDER**
                                                            01-CR-114-A

DEBBIE A. BARLOW,

                Defendant.

---

The former defendant, Debbie A. Barlow, appearing without legal counsel, has filed a motion for expungement of her criminal record. Ms. Barlow asserts that she is fully rehabilitated and that her felony conviction in this case for theft of mail makes it so difficult for her to obtain suitable employment that her conviction should be expunged from her record.

As a preliminary matter, whether the Court has subject matter jurisdiction to expunge the record of a valid criminal conviction for equitable hardship is a substantial question. The Court need not address the question in detail because, on the facts before the Court, even if the Court has subject matter jurisdiction to entertain Ms. Barlow's motion, her hardships are among the usual harsh consequences of a felony conviction and could not justify the extraordinary relief of judicial expungement. For this reason, and for all the reasons that follow, Ms. Barlow's motion for expungement is denied.

BACKGROUND

In June of 2001, Ms. Barlow waived indictment and pled guilty before United States District Court Judge John T. Elfvin to an Information charging her with one count of theft of mail, a felony violation of 18 U.S.C. § 1709.  Ms. Barlow was sentenced by Senior Judge Elfvin to a term of six months imprisonment, a three year term of supervised release, to pay restitution of $935.55, and to pay a $100 special penalty assessment.

Days after Senior Judge Elfvin retired for health reasons in October, 2009, Ms. Barlow filed her pro se motion for judicial expungement of her criminal record on the ground that her record makes it very difficult for her to obtain employment that is suitable.  The defendant's request was, apparently due to an oversight, never addressed by a Judge of this Court.

I am informed that Ms. Barlow contacted the Clerk of the Court on December 27, 2011, to bring the matter to the Court's attention and that she was advised that she should resubmit the motion.  Ms. Barlow resubmitted the motion to expunge her criminal record on January 9, 2012, asserting primarily that she is rehabilitated and that the record of her felony conviction makes it too difficult for her to find suitable employment.  Based upon the motion filed by Ms. Barlow, it appears that she has rehabilitated herself completely.

## DISCUSSION

There is a substantial question whether the Court has ancillary jurisdiction or inherent power to expunge a valid judicial record of a conviction. Federal courts are courts of limited jurisdiction that "possess only that power authorized by Constitution and statute, which is not to be expanded upon by judicial decree." Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994). With the exception of certain very narrow areas, a federal court has no common-law power that has not been conferred by an express congressional grant of authority, see Northwest Airlines, Inc. v. Transportation Workers Union, 451 U.S. 77, 95-96 (1981), and has no power to grant relief except to adjudicate a right created by Congress, Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001), or by the U.S. Constitution, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 392-394 (1971).

This Court has no explicit Congressionally-granted statutory power or explicit Constitutional power to expunge a valid criminal record like Ms. Barlow's. In 1977, the Second Circuit Court of Appeals held that federal courts do have limited equitable power ancillary to their jurisdiction over a criminal case to consider expunging an arrest record. U.S. v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977). The Second Circuit stressed in Schnitzer that "courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the unusual or extreme case." 567 F.2d at 539 (quotation and citations

omitted).  Even the viability of the Second Circuit's finding in Schnitzer that courts have jurisdiction to expunge an arrest record is subject to question because of the U.S. Supreme Court's later decision in Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), which emphasizes the very limited nature of federal courts' ancillary jurisdiction.  Other Courts of Appeals, including those in the First, Third, Sixth, Eighth, and Ninth Circuits, have suggested since Kokkonen was decided, that federal courts do not have authority to expunge criminal records.  See United States v. Coloian, 480 F.3d 47 (1st Cir. 2007), United States v. Dunegan, 251 F.3d 477 (3d Cir. 2001), United States v. Lucido, 612 F.3d 871 (6th Cir. 2010), United States v. Meyer, 439 F.3d 855 (8th Cir. 2006), United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000).  The Second Circuit has not addressed the courts' authority to expunge criminal records since deciding Schnitzer.  But see Garcia v. Teitler, 443 F.3d 202, 207 (2d Cir. 2006) (citing Schnitzer as an example of an exercise of ancillary jurisdiction in criminal cases).

The United States has not responded to Ms. Barlow's motion to expunge her criminal record and, at this time, despite the substantial question concerning the Court's subject matter jurisdiction, no response is necessary.  The hardships that the defendant attributes to her felony conviction, primarily her inability to obtain and maintain suitable work because prospective employers will not hire her because of her criminal record, are routine collateral consequences of a felony criminal conviction and are not the kind of unusual and extraordinary

hardships that could justify the exercise of equitable jurisdiction to expunge the judicial record of the conviction.  See e.g., United States v. James, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996)(the potential adverse effect on [] future employment provides insufficient justification, *per se,* for the expungement of [an] arrest record.")

This Court is not unsympathetic to defendant Barlow's hardships.  But whatever equitable jurisdiction the Court may possess to address her hardships is strictly limited and the defendant's hardships, though real, are not enough to trigger an exercise of the jurisdiction.  Alternatively, the defendant may be able to seek a pardon and expungement from the President.  U.S. Const, Art II, § 2, cl 1; 28 C.F.R. §§ 1.1 -1.10 (2011).  Even the executive branch pardon may leave her criminal record intact to the extent it is maintained pursuant to legislative directive, however.  See 28 U.S.C. § 534(a).  For example, the U.S. Sentencing Guidelines provide that criminal offenses that are pardoned  "for reasons unrelated to innocence or errors or law"  are counted when computing a defendant's criminal history category.  U.S.S.G. § 4A1.2, comment. (n.10).  The criminal record still has consequences, even after a pardon.  See U.S.S.G.  § 4A1.2(j) (an expunged conviction is not counted for purposes of computing criminal history, but may be considered by a Court in assessing the adequacy of a criminal history category).

Under these circumstances, there appears to be no immediate prospect of relief in the law that is available to Ms. Barlow to alleviate the lasting consequences of her felony conviction for theft of mail. The Court acknowledges that she seems to have fully paid her debt to society.

## CONCLUSION

For all of the foregoing reasons, the defendant's motion to expunge her criminal record is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 17, 2012